UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| STEVEN B. JOHNSON, ) | Case No. 10-40670-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| AMERICAN GENERAL FINANCIAL ) | **Adversary No. 10-4173-659** |
| SERVICES, INC., ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| STEVEN B. JOHNSON, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff American General Financial Services, Inc.'s Complaint to Determine Dischargeability of Debt and Defendant's Response to Complaint to Determine Dischargeability of Debt. A trial was held on July 20, 2010 at which Defendant Steven Johnson appeared *pro sé* and American General Financial Services appeared by counsel. Testimony was given and the matter was taken under submission. Therefore, upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Debtor Steven Johnson (hereinafter "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 27, 2010. Debtor obtained a loan through Plaintiff American General Financial Services, Inc. (hereinafter "Plaintiff") in the amount of $15,000.00 on or about March 31, 2008 (hereinafter "Loan"). At that time, Debtor was the owner of Spin Cycle, LLC, a laundry facility (hereinafter "Spin Cycle").

Debtor testified that before Debtor obtained the Loan, Debtor presented Plaintiff with Spin Cycle's profit and loss statements which indicated that Spin Cycle operated at a loss for the past two years. Debtor also submitted his 2005 and 2006 income tax returns to Plaintiff's agent who completed the Loan Application (hereinafter "Application"). Debtor was only required to review and sign the Application. Debtor testified that when Debtor learned that he was approved for the Loan, he immediately went to Plaintiff's agent and signed the Application. Debtor testified that he did not read the Application and thus was unaware of the particular written statements contained therein.

On the Application, it is stated that Debtor's annual salary is $98,855.00. Debtor now states that the annual salary stated on the Application was not his actual salary, rather it was the total paid in wages to all the employees of Spin Cycle. Debtor's actual salary was significantly less than $98,855.00; Debtor earned $19,990.00 in 2005, $13,920.00 in 2006 and $21,260.00 in 2007. Additionally, Debtor once owned a second Spin Cycle location for which there was a note in the amount of $140,000.00 (hereinafter "Spin Cycle Note"). Debtor also had a tax liability in the amount of $8,600.00 for Spin Cycle's equipment. The equipment at the second Spin Cycle location was repossessed before Debtor sought the Loan from Plaintiff. Neither the Spin Cycle Note nor the $8,600.00 tax liability were disclosed on the Application's list of creditors. Plaintiff did obtain Debtor's credit report upon which neither the tax liability nor the Spin Cycle Note appeared.

On the Application, it states:

> THE APPLICANT(S) WHOSE SIGNATURE(S) APPEAR BELOW REPRESENT AND WARRANT THAT
>
> 1. The application and financial statement was made for the purpose of showing the ability to repay the loan and induce the loan corporation to make the loan.
> 2. The list of creditors shown hereon is a full, complete, and correct list of all debts, bills and liabilities.
> 3. I/We have reviewed this application and it is true and correct.

Application, page 1; Plaintiff Exhibit 2.

Plaintiff argues that the debt for the balance of the Loan is nondischargeable pursuant to 11

Pg 3 of 6

U.S.C. § 523(a)(2)(B) because there were numerous false statements that were made in writing upon which Plaintiff reasonably relied. First, Plaintiff states that Debtor's income was disproportionately inflated on the Application. Second, Plaintiff states that Debtor failed to disclose the $8,600.00 tax liability and the Spin Cycle Note on the list of creditors in the Application. Plaintiff argues that Debtor signed the Application and made an affirmative representation of truth and correctness, therefore, the debt should be held nondischargeable.

Debtor argues that all the elements of 11 U.S.C. § 523(a)(2)(B) are not met because Debtor did not intend to make any materially false statements. First, Debtor argues that he was unaware that Plaintiff's agent drafted the Application using the total paid in wages to all Spin Cycle employees as Debtor's actual annual income. Thus, Debtor argues that Debtor had no intent to deceive Plaintiff. Second, Debtor argues that the Spin Cycle Note was in relation to a second Spin Cycle location which was repossessed before Debtor sought the Loan and thus, Debtor reasonably believed that Debtor was no longer liable for this debt. Moreover, the Spin Cycle Note is not featured on Debtor's credit report and thus, Debtor did not believe that he needed to report this former liability to Plaintiff. Debtor lastly argues that the $8,600.00 tax liability was based on an assessment of equipment for both Spin Cycle locations, however, since the equipment for one of the Spin Cycle locations had been repossessed, and the equipment that remained in Debtor's possession had depreciated, Debtor does not believe his tax liability is $8,600.00 and claims to be appealing the tax assessment.

## **JURISDICTION**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 151, 157, and 1334 (2010) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I)(2010). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

**CONCLUSIONS OF LAW**

Under Section 523(a)(2)(B), a debtor cannot obtain a discharge for any debt "for money, property, services…to the extent obtained by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial situation; (iii) on which the creditor to whom the debtor is liable for such money, property…or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(B) (2010).  Plaintiff must establish each element by a preponderance of the evidence.  *In re Pontow,* 111 F.3d 604, 608 (8th Cir. 1997).

Plaintiff argues that when Debtor signed the Application, he made materially false statements in writing because the Application stated that Debtor's annual income was $98,855.00, which was grossly overstated.  Further, the Application failed to include the Spin Cycle Note and Debtor's $8,600.00 tax liability.

Debtor argues that he informed Plaintiff of all the information that was necessary to determine Debtor's eligibility for the Loan.  Debtor presented his 2005 and 2006 income tax statements and Spin Cycle's profit and loss statements which reflected that Spin Cycle operated at a loss at the time the Loan was granted.  Debtor argued that Plaintiff's agent filled out the Application on Debtor's behalf and when Debtor received word that he was approved for the Loan, Debtor went and signed the Application without first reviewing it.

To satisfy the materially false writing requirement of Section 523(a)(2)(B), the written statements need not be physically prepared by a debtor.  *In re Braathen,* 364 B.R. 688 (Bankr. D.N.D. 2006) *citing In re McCleary,* 284 B.R. 876, 885 (Bankr. N.D. Iowa 2002). "The writing requirement is satisfied if the written statement was signed, adopted and used, or caused to be prepared by the debtor." *Id.*; *In re Hambley*, 329 B.R. 382, 399 (Bankr. E.D.N.Y. 2005).  This Court concludes that Debtor made statements in writing that were materially false because Debtor's annual income was grossly overstated on the Application.  This overstatement drastically affected the overall impression

4

of Debtor's financial situation. Debtor's income is material to Plaintiff's ability to determine whether Debtor qualified for the Loan. While Debtor may not have physically prepared the Application which contained the false statements, by signing the Application, Debtor made an affirmative warranty that the statements contained in the Application were true and correct and thus Debtor induced Plaintiff to grant Debtor the Loan.

Debtor argues that his tax liability ought to have been significantly lower since the tax liability was based in part on equipment which no longer belongs to Spin Cycle. Debtor also argues that the tax liability is excessive because the value of the equipment in Debtor's possession is significantly lower than the value attributed by the tax assessor. Debtor's arguments may be true, however, these factors do not change the reality of Debtor's tax liability at the time the Application was submitted to Plaintiff. A potential reduction in tax liability in the future does not change a tax liability in the present. Debtor's Application should have disclosed the tax liability. "It is well established that writings with pertinent omissions can readily constitute a statement that is materially false for purposes of § 523(a)(2)(B)." *In re McCleary,* 284 B.R. at 876 *citing In re Dammen,* 167 B.R. 545, 551 (Bankr. D.N.D. 1994); *In re Bundy,* 95 B.R. 1004, 1008 (Bankr. W.D. Mo.1989). Debtor's failure to include the $8,600.00 tax liability was a material omission and thus Debtor made a materially false statement for purposes of Section 523(a)(2)(B). The Court however concludes that Debtor's silence as to the Spin Cycle Note was not material because Debtor reasonably concluded that the Spin Cycle Note was cured when the associated property was repossessed. Having heard testimony from Plaintiff and Debtor, this Court concludes that Plaintiff has met its burden of proof and the debt is not dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(B).

By separate Order, judgment will be entered in favor of Plaintiff.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 27, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Gerard A. Nieters
American General Finance, Inc.
113 Triad Center W
O'Fallon, MO 63366

American General Financial Services, Inc.
113 Triad West
O'Fallon, MO 63366

Steven B. Johnson
1736 Nemnich Avenue
St. Louis, MO 63136